[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
John R. Williams for plaintiff.
Patricia Gerner and Richard Lynch for defendant.
NATURE OF ACTION
This is an action for declaratory judgment and injunctive relief brought by an "insanity acquittee" who alleges that Connecticut Statutory Confinement Laws are ex post facto laws as applied to the plaintiff. The plaintiff seeks (1) a declaratory judgment pursuant to Connecticut General Statute § 52-29, (2) an injunction directing that all future hearings regarding his confinement be conducted in the court of probate, and (3) an injunction requiring all such hearings to be conducted pursuant to and under the standards of the pre-1971 Statutes.
The court has indicated to the parties that at the present time it will determine only the first issue relating to the plaintiff's claim for declaratory judgment. Should the court find that the statutory scheme as applied to the plaintiff is an ex post facto law, the court will hold a subsequent hearing on the question of what remedies should be extended to the plaintiff.
FACTS
The parties to the action stipulated to the facts and the court finds the facts in accordance with that stipulation. Briefly, the plaintiff was arrested by the Branford Police on July 5, 1971 and charged with having committed a murder that day in the Town of Branford. The plaintiff was indicted by a grand jury on November 15, 1971 and following a trial was found not guilty by reason of insanity on February 27, 1974. On May 24, 1974 the plaintiff was committed to the custody of the defendant Commissioner of Mental Health for an indefinite period not to exceed twenty-five years, the maximum term of imprisonment which could have been imposed on the plaintiff if found guilty. The plaintiff has been confined continuously in the custody of the defendant Commissioner since having been committed to his custody. CT Page 10574
The provisions of § 53a-47 of the Connecticut General Statutes with respect to the confinement and release of persons found guilty of crime by reason of insanity have been modified from time to time and are currently found in §§ 17a-580 through 17a-603 of the Connecticut General Statutes. Section 53a-47 was the first statutory scheme in Connecticut which gave jurisdiction to any court other than the probate court over the release of persons found not guilty by reason of insanity. That section became effective on October 1, 1971 three months after the homicide was committed. Under the current §§ 17a-580 through 17a-603, the confinement and release of the plaintiff is under the control of the Psychiatric Review Board subject to ultimate review by the superior court.
The defendant Commissioner of Mental Health is a person by whom the plaintiff is confined pursuant to the above stated provisions. The defendant Dearington is the State's Attorney for the judicial district of New Haven and his office has been responsible for prosecuting the plaintiff under criminal statutes.
DISCUSSION
Article I § 10 of the United States Constitution provides in pertinent part:
"No state shall . . . pass . . . ex post facto law . . ."
It is well established that ex post facto laws apply only to criminal matters. Calder v. Bull, 3 U.S. (3 Dal.) 386 (1798). Ordinarily, procedural changes are not ex post facto laws. Only procedural changes that alter the definition of an offense or increase the punishment, thereby expanding the scope of a criminal prohibition after the act is done, violate the ex post facto clause. Collins v. Youngblood, 497 U.S. at 49-50 (1990).
The court finds three major differences between the treatment of "insanity acquittees" at the time of the commission of the crime and today. The changes are as follows:
 1. The determination of continued confinement is made by the Psychiatric Security Review Board with supervision by the Superior Court rather than by the probate court.
2. The standard of proof has changed from no CT Page 10575 statutory standard in 1971 to "clear and convincing" in 1976, to "a preponderance of the evidence" at the present time.
 3. The burden of proof has been shifted from the person seeking continued confinement to the acquittee.
The court is of the opinion that the shifting of the decision on commitment from the probate court to the Psychiatric Security Review Board has been addressed and decided by our Supreme Court inPayne v. Fairfield Hills Hospital, et al, 215 Conn. 675 (1990). InPayne the court found:
 "The plaintiff acquittee asserts that two aspects of the act establishing the PSRB are unconstitutional as applied to him: first the act shifts to the acquittee the burden of proving that he is not mentally ill or dangerous in order to secure his discharge; General Statutes § 17-257n(f); and second, it requires a superintendent of any mental hospital in which the acquittee is confined to seek an authorizing order from the PSRB in order to release him on a temporary leave. General Statutes § 17-257h" Payne at page 682.
The plaintiff argued that these changes were a violation of the ex post facto clause of the United States Constitution. The court went on to hold:
 Moreover, the ex post facto clause prohibits a state only from passing a law "which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed. . . ." [citations omitted] Payne at 683.
The court concluded:
 "This plaintiff therefore has no constitutional grounds to object to the order of the PSRB requiring him to submit to a psychiatric examination to reassess the terms CT Page 10576 of his present confinement." Payne at 684.
In Payne the Supreme Court settled the question of the shift from the probate court to the PSPB, but found the claims relating to the shift of the burden of proof were purely speculative and did not decide them.
The question of burden of proof was squarely before our Supreme Court in the recent decision in State v. Metz, 230 Conn. 400
(1994). In Metz the acquittee had been charged with assault of a victim sixty years or older in the second degree and interfering with a police officer. Following acquittal by reason of mental disease or defect, he was committed to the jurisdiction of the Psychiatric Security Review Board for term not to exceed six years. The acquittee, Metz, had completed his six year term but nevertheless had been required to bear the burden of proving by a preponderance of the evidence that he had regained his sanity.
In Metz the court held:
 Federal law has, however, recognized that insanity acquittees are "a special class that should be treated differently from other candidates for commitment so as to warrant a departure from the Addington standard." Metz
at 414.
For an insanity acquittee the state may adopt procedures that assume the acquittee's continued dangerousness and that envision a diminished risk that a person will be committed who is not mentally ill.
The court went on to hold:
 Neither Jones nor Foucha squarely addressed the constitutionality of placing on an insanity acquittee the burden of proving sanity in order to obtain release from involuntary confinement. The court's holding in Foucha, nevertheless, reiterates that once the legitimacy of an original confinement has lapsed, the state cannot impose on an acquittee a burden of proof that would "defeat [his] liberty interest under the constitution in being freed from indefinite confinement in CT Page 10577 a mental facility." Metz at 416.
The court further noted:
 "A statutory burden to show that an `acquittee is a person who should be discharged' assumes the propriety of his commitment. That is the very question at issue in a hearing on the state petition for an additional period of commitment." Metz at 421.
While the Metz court was concerned with the burden of proof and the standard of proof after the expiration of the maximum term, the court clearly recognized that an acquittee's rights are validly more limited during the maximum term.
Although Metz made no ex post facto clause claims, the Supreme Court held that during the period of maximum confinement:
 ". . . the defendant would have to establish by a preponderance of the evidence that he is a person who should be discharged." Metz at 406.
The United States Supreme Court held in Youngblood v. Collins,497 U.S. 35, 45 (1990); and Dobbert v. Florida, 432 U.S. 282 (1977) that procedural changes in criminal cases are not violative of the ex post facto clause.
Only procedural cases that alter the definition of an offense or increase the punishment, thereby expanding the scope of the criminal prohibition after the act is done violate the ex post facto clause. Collins at 49-50.
Given the special status of insanity acquittees during the maximum term, which is explicitly recognized in Metz, the court finds that neither the change in the standard of proof or the shifting of the burden of proof changes the definition of Warren's offense or increases his punishment.
Accordingly, the court finds that neither the change of the standard nor the shift in burden constitutes an ex post facto law as applied to Mr. Warren.
In view of this court's conclusion that the changes in the CT Page 10578 statutory treatment of insanity acquittees during the period of maximum term do not constitute violations of the ex post facto clause, the court need not address the claim of defendant Dearington that he is entitled to judgment as a matter of law on res adjudicata grounds resulting from prior rulings in State v.Warren, 169 Conn. 207 (1975); and Warren v. Harvey, 632 F.2d 925
(1980).
Similarly, given the court's conclusion that there is no ex post facto violation, and the further fact that the parties appear not to have raised the issue, the court need not address the issue of whether the ex post facto claim is premature in the instant case. The court does note that the stipulation of facts nowhere alleges that Warren has applied for discharge and been refused. Since there is no allegation of an application for discharge, it is conceivable to the court that Mr. Warren's declaratory judgment is premature in much the same way that the question of the burden of proof was premature in Payne.
Nevertheless, given the posture of the case as presented to the court, the court finds that the defendant Dearington and the defendant Commissioner of Mental Health are entitled to a judgment on the plaintiff's claim that the challenged statutory scheme constitutes an unconstitutional ex post facto law. The court finds the defendant cannot satisfy the essential elements of such a claim. He cannot show that the statutory scheme is penal or punitive in nature. Neither can he show that the scheme effected material and substantial changes. The court finds that the statutory change effected merely procedural changes and that it did not materially alter Mr. Warren's legal situation so as to impermissible disadvantage him.
The court by,
Kevin E. Booth, Judge